Dear Mr. Langlinais:
This office is in receipt of your recent request for the opinion of this office regarding the correct assessment of a particular piece of property which has recently been the subject of two transactions which appear in public records. According to your correspondence, the first transaction involved the transfer of a usufructuary interest by the usufructuary ("Usufructuary") to a vendee ("Vendee One"). The second transaction involved the purported sale of full title to the property by Usufructuary and others to another vendee ("Vendee Two"). Specifically, you have asked this office to advise whether Vendee Two has "full ownership" of the property, and also, who should be assessed for the property.
Although you attached copies of the actual Acts of Sale of the property which is the subject of your request, we must respectfully advise that we are not in a position to examine those documents on your behalf. It is beyond the purview of this office to determine the tax status of particular taxpayers and properties. We are, however, happy to provide you with the law we believe is applicable to your questions.
With regard to your first inquiry, it is the opinion of this office that a vendee cannot be said to have received `full ownership' of property if the usufruct or partial usufruct of the property is held by another. La. C.C. Arts. 535, 543. We note, however, that since Usufructuary was a party to both transactions which you have described, it is probable that it was the intention of the parties that Vendee Two obtain full ownership of the property rather than an interest burdened by a usufruct. It appears, therefore, that Vendee Two's lack of `full ownership' is in the nature of a title defect.
The answer to your second inquiry can be found in Atty. Gen. Op. No. 97-71, which was addressed to you earlier this year. Therein, we opined that a valid assessment does not require an assessor to search beyond the official records or conduct an actual title examination. The opinion states: "As a general rule, the property should be assessed in the name of the record owner(s)." In accordance with Esso Standard Oil Company v. Abe Jordan, Jr., etal., 92 So.2d 377 (La. 1956). cited in Op. No. 97-71, ". . . an assessor [is not] called upon to be the judge as to the holder of a superior title as between conflicting claimants. All that the law exacts as a valid assessment is that it be in the name of him who appears, upon the record, to be the owner."
We trust the foregoing to be of assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv